UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG FROG CUSTOM T-SHIRTS,
INC., a Florida corporation,

   Plaintiff,

v.

DH MILES ENTERPRISES, INC.,
a Texas corporation, and DWIGHT
MILES, SR., an individual,

   Defendants.

Case No.: 8:22-cv-01314-WFJ-CPT

# ORDER

THIS CAUSE came before the Court on Plaintiff's Motion for Preliminary Injunction and Supporting Memorandum of Law (Doc. 12) (the "**Motion**"). Defendants represent, through counsel, that Dwight Miles, Sr. and DH Miles Enterprises, Inc. have permanently ceased operation of the Big Frog store located at 2851 Joe Dimaggio Blvd., Bldg. 3, Suite 6, Round Rock, Texas 78665, neither Mr. Miles, who is seventy-eight years old, nor DH Miles Enterprises, Inc. will operate a custom t-shirt or any other related business after entry of this Order, and Mr. Miles lives on social security and has no other source of income.

Upon due consideration of the Motion and the representations of counsel, the Court finds and orders as follows:

**A.   FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court finds that Plaintiff, Big Frog Custom T-Shirts, Inc. ("**Big Frog**") is likely to succeed on the merits of its claims asserted in the Complaint based on the following findings:

1. Big Frog is the owner of the trademarks, service marks and trade names associated with its franchise system, including "Big Frog," "Big Frog Custom T-Shirts & More" and related marks (collectively, the "**Marks**").

2. Big Frog has the exclusive right to use and to license others to use the Marks, which have been used by Big Frog since approximately 2008, to identify Big Frog retail stores and the products and services associated with those stores.

3. Pursuant to the Franchise Agreement dated March 8, 2011, as amended, (the "**Franchise Agreement**"), Big Frog licensed to Defendants use of the Big Frog trademarks, trade name, service marks, confidential information and system in its operation of a retail Big Frog store (the "**Store**").

4. The license granted to Defendants by the Franchise Agreement expired on March 8, 2022.

5. Despite expiration of the Franchise Agreement, Defendants continued to operate the Store, use the Marks, use Big Frog's proprietary and confidential information and system, and otherwise hold themselves out to the public as an authorized franchisee of Big Frog.

6. As a result of Defendants' unlicensed operation of the Store and use of the Marks after March 8, 2022, Big Frog has been harmed.

7. Big Frog has no adequate remedy at law and is entitled to the entry of an injunction prohibiting Defendants, and all those acting in concert with them, from operating the Store and from otherwise infringing on the Marks.

8. The public interest is served by the entry of an injunction.

9. Defendants have submitted to the jurisdiction of this Court and the relief requested is otherwise consistent with the provisions of the Franchise Agreement.

10. The Parties agree to the entry of this Order to resolve all issues between them.

**B.    PERMANENT INJUNCTION**

It is ORDERED AND ADJUDGED as follows:

1. The Motion (Doc. 12) is GRANTED to the extent provided herein.

2. Defendant, DH Miles Enterprises, Inc., its shareholders, officers and directors, including, specifically, Defendant, Dwight Miles, Sr., and all those acting in concert therewith, are permanently enjoined from operating the Store located at 2851 Joe Dimaggio Blvd., Bldg. 3, Suite 6, Round Rock, Texas 78665.

3. Defendant, DH Miles Enterprises, Inc., and its shareholders, officers and directors, including, specifically, Defendant, Dwight Miles, Sr., shall strictly abide by the post termination terms and provisions of the Franchise Agreement.

4. Defendant, DH Miles Enterprises, Inc., and its shareholders, officers and directors, including, specifically, Defendant, Dwight Miles, Sr., and all those acting in concert therewith, are hereby permanently enjoined from utilizing the Big Frog trademarks, trade name, service marks, proprietary and confidential information and system, including, specifically, the Marks.

5. Defendants, DH Miles Enterprises, Inc. and Dwight Miles, Sr., are ordered to promptly remove from the Store, and discontinue using for any purpose, all signs, fixtures, furniture, décor items, advertising materials, forms and other materials and supplies which display any of the Big Frog trademarks, trade name or service marks, or any distinctive features, images, or designs associated with Big Frog stores.

6. Defendants, DH Miles Enterprises, Inc. and Dwight Miles, Sr., are ordered to promptly take such action as may be required to cancel all fictitious or assumed name or equivalent registrations or licenses relating to Defendants' use of the Marks.

7. Defendants, DH Miles Enterprises, Inc. and Dwight Miles, Sr., are ordered to promptly notify all telecommunications providers of the expiration of Defendants' right to use any telephone numbers associated with the Marks and to transfer such telephone numbers to Plaintiff or its designee.

8. Defendant, DH Miles Enterprises, Inc., and its shareholders, officers and directors, including, specifically, Defendant, Dwight Miles, Sr., are permanently enjoined from using all confidential information of Big Frog and shall promptly return to Big Frog or destroy all copies of the Big Frog Operations Manual and any materials containing confidential information provided by Big Frog.

9. Defendants, DH Miles Enterprises, Inc. and Dwight Miles, Sr., are ordered to serve upon counsel for Big Frog, within thirty (30) days of the date of entry of this Order, a report in writing setting forth in detail the manner and form in which they have complied with this injunction.

C.  **MUTUAL RELEASES AND SETTLEMENT**

1. Defendants, DH Miles Enterprises, Inc. and Dwight Miles, Sr., jointly and severally, shall pay Plaintiff three thousand five hundred dollars ($3,500.00) within thirty (30) days of the entry of this Order.

2. Except as provided by the terms of this Order, the parties acquit, release, and discharge each other, and each of their agents, officers, employees, heirs, successors, and assigns of and from any and all obligation or liability from, upon, under, on account of, or arising out of

this litigation or any of the dealings and alleged contracts between the parties, including, but not limited to, all damages, losses, fees, costs, charges, and expenses.

      3.      The parties shall bear their own costs and attorneys' fees.

      4.      The Court reserves jurisdiction over the parties for the enforcement of this Order.

**DONE AND ORDERED** at Tampa, Florida, on July 22, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE